## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTEHRN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ) | |
| ) | |
| ) | Case No. 3:25-mc-00050 |
| *In re: Master Jury Wheel Records* ) | |
| *Retained under 28 U.S.C. § 1868* ) | |
| ) | |
| ) | |

## UNITED STATES' MOTION FOR JURY RECORDS AND PAPERS
## RETAINED UNDER 28 U.S.C. § 1868

Now comes, the United States of America, by Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Peter T. Reed, Assistant United States Attorney, and hereby submits the following motion to inspect and/or receive electronic copies of the jury records and papers compiled and retained under 28 U.S.C. § 1868, namely, records and papers regarding the old master jury wheel from 2021 to 2023. These records have been provided to the U.S. Attorney's Office upon request in the past. That practice is consistent with the statutory text, which provides that these records for past juries "shall be available for public inspection for the purpose of determining the validity of the selection of any jury." 28 U.S.C. § 1868.

## BACKGROUND

**A.    Illinois provides driver's licenses and state identifications cards to noncitizens**.

Unlike most states, Illinois provides driver's licenses and state identification cards to noncitizens and illegal aliens. For many years, Illinois provided an Illinois identification card called a Temporary Visitor Driver's License (TVDL) to what it described as "Non-Visa status" applicants. A similar process continues to this day. Now, Illinois allows undocumented immigrants to get a regular driver's license rather than a TVDL. Public Act 103-0210; 5 ILCS

230/10. This change in policy has led to increasing numbers of undocumented immigrants obtaining Illinois identification cards.[1] In addition, applying for or renewing an Illinois driver's license typically automatically registers the applicant to vote, unless the applicant affirmatively opts out. 10 ILCS 5/1A-16.1(b). This "dual-purpose application" does not automatically register applicants who fail to list a social security number. 10 ILCS 5/1A-16.1(c). Nonetheless, an Illinois driver's license number or state identification card number is all the identification required to register to vote by mail in Illinois.[2]

**B.    Those records can then be used to fill the potential jury pool in the Southern District of Illinois**.

This creates a filtering problem, as those same records (state identification cards and state voter registration) can then be used to fill the federal jury pool. Federal juries are governed by the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-1868. These provisions are implemented by the U.S. District Court for the Southern District of Illinois through its current "Plan for the Random Selection of Jurors" ("SDIL Plan").[3] Grand juries and petit juries, and the venires for those juries, are pulled from the "Master Jury Wheel" for each division. The Master Jury Wheel is comprised of names "selected from the general election registration lists and may be supplemented with lists of licensed drivers, recipients of unemployment benefits, and state identification card holders." SDIL Plan at 2; 28 U.S.C. §§ 1863(b)(2) - (b)(4). The Master Jury Wheel must by law be emptied and refilled at specified times in intervals not to exceeds four years. 28 U.S.C. § 1863(b)(4).[4] In the Southern District of Illinois, this interval is every two years, ending

---

[1] https://news.wttw.com/2024/12/11/more-155000-standard-ids-and-driver-s-licenses-issued-illinois-noncitizens-5-months-law.

[2] "If you register by mail, sufficient proof of identity is required by submission of your driver's license number or State identification card number." Registering to Vote in Illinois (Pamphlet), *available at* https://elections.il.gov/InformationForVoters.aspx?MID=I0cuvBFuZRw%3d.

[3] Available at https://www.ilsd.uscourts.gov/sites/ilsd/files/2023JuryPlan.pdf.

[4] State, local, and federal officials must make "voter registration lists, lists of actual voters, or other appropriate records" available to the clerk of court for inspection, reproduction, and copying. 28 U.S.C. § 1863(d). "The district

on July 31 in the year following a general election.  SDIL Plan at 3.  The July 31 deadline for the

2023-2024 wheel was pushed back this year.  *See* Administrative Order 409.[5]

**C.    The federal jury wheel is limited to U.S. citizens by law, so the Office of the Clerk of Court must disqualify noncitizens who appear on the master jury wheel**.

Because Illinois provides state identification and driver's licenses to noncitizens and illegal

aliens, the unfiltered Master Jury Wheel may contain persons who, by law, are not qualified to

serve as jurors.  *Id.*  The Clerk of Court is tasked with determining "whether a person is unqualified

for, exempt from, or otherwise should be excused from jury service based on the information

provided on the juror qualification form and/or other competent evidence."  SDIL Plan at 4-5; 28

U.S.C. § 1865(a).  The "juror qualification forms" are filled out by the prospective jurors

themselves.  SDIL Plan at 4.  It is not clear from the Plan what "other competent evidence" is

considered.  The Clerk deems a person qualified to serve *unless* the person:

- Is not a citizen of the United States;

- Is not at least 18 years old;

- Has not resided in the Southern District of Illinois for the previous year;

- Is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out the juror qualification form;

- Is unable to speak the English language;

- Is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

- Has a charge pending or has been convicted in a state or federal court of certain crimes.

---

courts shall have jurisdiction upon application by the Attorney General of the United States to compel compliance with this subsection by appropriate process."  *Id.*

[5] https://www.ilsd.uscourts.gov/sites/ilsd/files/AdminOrder409.pdf.

*Id*. at 4-5.  Many of these bases for disqualification are required by federal law.  28 U.S.C. § 1865(b)(1)-(5).  Courts are specifically directed to disqualify any person who "is not a citizen of the United States."  28 U.S.C. § 1865(b)(1).

**D.    The Office of the Clerk of Court previously provided disqualification records to the U.S. Attorney's Office, and those records showed noncitizens are routinely found on the unfiltered master jury wheel**.

In the past, the U.S. District Court for the Southern District of Illinois has provided records pertaining to this disqualification process to the U.S. Attorney's Office upon request.  Unsurprisingly, given the source of the underlying data, these records showed several hundred suspected non-citizens had to be disqualified and removed from the Master Jury Wheel by the Court.

The Office of the Clerk of Court recently indicated that it will no longer provide these disqualification records based only on an informal request.  It instead directed the government to file a formal motion.  Because neither the statute or the court's jury plan provide a mechanism for such a filing, this motion is filed in good faith as a miscellaneous motion at the Court's instruction.

## ARGUMENT

This motion requests to inspect and/or receive electronic copies of all records and papers compiled and maintained by the clerk of court for the 2021-2023 master jury wheel, and, in particular, records showing which individuals were included and excluded from the jury pool as qualified or unqualified under 28 U.S.C. § 1865(b).  The specifically requested records are listed in an addendum at the end of this motion.

By law, the Clerk of Court must make these records available for public inspection.  Once a master jury wheel is emptied and refilled, "all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody

of the clerk" for at least four years.  28 U.S.C. § 1868.  These records "shall be available for public inspection for the purpose of determining the validity of the selection of any jury."  28 U.S.C. § 1868.

The plain text of § 1868 requires no showing or pleading from the requesting party to access these records.  The statute provides simply that the records "shall be available for public inspection for the purpose of determining the validity of the selection of any jury."  *Id*.  Because § 1868, by its terms, only governs records for past jury wheels no longer in use, it does not on its face require a motion requesting such records, does not require an active case or controversy, and does not require any allegation of irregularity in the jury selection process.  It is a sunshine provision.  Courts have interpreted it this way as well.  *See United States v. Robinson*, 243 F. Supp. 2d 868, 871 (C.D. Ill. 2003) ("Defendant, as a member of the general public, has the right to inspect the jury material in the clerk of the court's possession for the purpose of determining the validity of the selection of his grand and petit juries."); *see also Carr v. McConnell*, 623 F. App'x 706, 707 (5th Cir. 2015) ("Members of the public do not need a court order to inspect jury records, provided they do so 'for the purpose of determining the validity of the selection of any jury.'") (quoting *United States v. Montelongo*, 582 F. App'x 404, 405–06 (5th Cir. 2014)); *United States v. Beaty*, 465 F.2d 1376, 1381 (9th Cir. 1972) ("The trial court was in error. The statutes clearly mean what they state.  Appellant or his attorney or investigator, as the court might direct depending upon the circumstances, was entitled to inspect the old records from the master jury wheel under § 1868 . . .").

The statutory context in 28 U.S.C. § 1867(f) confirms that § 1868 creates an essentially "unqualified right" to inspect these jury records.  Section 1867(f) begins by setting a general rule: records and papers used during the jury selection process "shall not be disclosed . . . until after the

master jury wheel has been emptied and refilled." *Id*. It then creates an exception: parties may inspect such records for the *current* grand jury wheel during the "preparation and pendency" of a pretrial motion challenging the jury selection procedures. *Id*.

That § 1868 creates an unqualified right is confirmed by § 1867(f) in two ways. First, § 1867(f)'s general non-disclosure requirement is limited to the *current* master jury wheel. When should those records be disclosed? "[A]fter the master jury wheel has been emptied and refilled." 28 U.S.C. § 1867(f). The contrast could not be clearer: Section 1867 says records for the *current* master jury wheel "shall not be disclosed," while in no way limiting disclosure of records for *prior* master jury wheels, and § 1868 in fact provides that such records "shall be available for public inspection." Records about previous master jury wheels must be made public. Full stop. Nothing whatsoever in the act justifies hiding those records from the public or in any way authorizes nondisclosure.

Second, despite § 1867(f) general nondisclosure requirement for the current master jury wheel, the Supreme Court has read its exception for litigating parties broadly—declaring it creates an "unqualified right" to inspect records. *Test v. United States*, 420 U.S. 28, 30 (1975). Even § 1867(f)'s narrower provision, the Supreme Court said, does not require any showing from the party making the request: "This provision [§ 1867(f)] makes clear that a litigant has essentially *an unqualified right* to inspect jury lists." *Id*. (emphasis added).[6] While the defendant in *Test* had submitted an affidavit setting out a prima facie case for a violation of the Act, the Court made clear that was not required. *Id*. Such a requirement, the Court explained, would be self-defeating: "without inspection, a party almost invariably would be unable to determine whether he has a

---

[6] It also reads *who* may make such a request broadly. *Test*, 420 U.S. at 30 n.3 ("the statute [§ 1867(f)] grants the rights to challenge selection procedures and inspect lists to the United States and the defendant in a criminal case, and to any party in a civil case.").

potentially meritorious jury challenge." *Id*. "Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id*. (quoting 28 U.S.C. § 1861).

This statutory context shows the same "unqualified right" is found in § 1868. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000); *see also* Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167, 174 (2012). Congress might have written a statute that placed limitations on the right to inspect jury rights under § 1867(f) or required a showing of good cause. After all, section 1867(f) motions are filed during pretrial proceedings, when discovery fishing expeditions are frowned upon, and request information about the *current* master jury wheel, where concerns about jury privacy and confidentiality are paramount and thus records about the jury wheel generally "shall not be disclosed." But Congress did not do that. Instead, even in those circumstances, the Supreme Court read section 1867(f) to create an unqualified right to records about the jury wheel in the context of specific cases. If the text of section 1867(f) creates an unqualified right under those circumstances, then the text of § 1868 regarding old jury records—where concerns about delay tactics and jury privacy are much reduced—should be read to require unqualified access as well.

Finally, comparing § 1867(f) and § 1868 shows no motion or active case is required to access records under § 1868. Section 1867(f) contemplates that "the parties in a case" will have access to records during the preparation and pendency of "a motion" to be filed under § 1867(a)-(c). Section 1868, by contrast, contemplates that the "public" will have access to records and

provides that they "shall be available." This contrast suggests that records under § 1868 are not limited to the parties in a case and must be made available outside the context of a specific motion. Other federal courts in this state have so interpreted the statute, providing access without a formal motion and outside a specific case or controversy. *See, e.g.*, NDIL General Order 13-0008 ("Authorization for the Chicago Tribune to Access Records of the Most Recently Expired Master Jury Wheel Under 28 U.S.C. § 1868").[7] As the Chicago Tribune notes in its letter, *id.*, public disclosure is also consistent with the First Amendment, common law, and the Jury Selection and Service Act's general "presumption" of disclosure. *See also United States v. Blagojevich*, 612 F.3d 558 (7th Cir. 2010) (explaining in the context of a third-party request for juror names a "presumption in favor of disclosure" derived from "a common-law right of access by the public to information that affects the resolution of federal suits" and from the Jury Selection and Service Act).

In sum, § 1868 requires that records and data regarding the 2021-2023 master jury wheel be publicly available without any showing or pleading needed from the requesting party to obtain these records. That said, there is more than an adequate basis for the government's request. Illinois laws governing state identification cards, driver's licenses, and voter registrations mean non-citizens will be included in the source data list used to make up the federal master jury wheel. Previously obtained data from prior jury wheels confirmed that this is in fact the case. That data showed hundreds of non-citizens ended up on the master jury wheel and had to be affirmatively disqualified by the clerk of court's office. As a repeat litigant, the government obviously has an interest in whether this disqualification process continues and how it is carried out. This interest

---

[7] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/pdf-orders/General%20Order%202013-0008%20-%20Chicago%20Tribune%20to%20Access%20Records%20of%20Expired%20Master%20Jury%20Wheel.pdf.

is both offensive and defensive. The government has every reason to believe the clerk's office has a robust process to ensure that non-citizens are properly identified and disqualified. Access to this data will allow the government to better defend the court's jury disqualification process in future cases. And if the requested records show the process is not working—e.g., non-citizens are being improperly qualified or citizens are being improperly disqualified—that would be an issue of concern as well. Qualification and disqualification, in turn, effect the demographic make up of the qualified jury wheel.

## CONCLUSION

Accordingly, the United States respectfully requests to inspect and/or receive electronic copies of the records and data regarding the 2021-2023 master jury wheel listed in the attached Addendum.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Peter T. Reed*
PETER T. REED
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
E-mail: Peter.Reed@usdoj.gov

**ADDENDUM**

The United States respectfully requests to inspect and receive electronic copies of the records and data regarding the 2021-2023 master jury wheel:

(1) Reports on Administrative Office forms regarding the operation of the Jury Selection Plan in the Southern District of Illinois.

(2) Written communications to the State Board of Elections or other state agency requesting "general election registration lists" and if applicable requesting "lists of licensed drivers, recipients of unemployment benefits, and state identification card holders."

(3) Voter data files.

(4) Data files, if received, for licensed drivers, recipients of unemployment benefits, and state identification card holders.

(5) The initial lists of individuals randomly selected for the master jury wheel for each division.

(6) Jury qualification forms and any "other competent evidence" used to make disqualification decisions.

(7) Lists and data files for individuals disqualified under 28 U.S.C. § 1865, including but not limited to the juror non-citizen report provided to the United States for prior jury pools.

(8) The qualified jury wheel for each division after the disqualification process outlined in 28 U.S.C. § 1865(b).