**FILED**
**DEC 09 2025**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
E. ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| MASTER JURY WHEEL RECORDS ) | Case 3:25-mc-00050-NJR |
| RETAINED UNDER 28 U.S.C. § 1868. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

The United States has filed a "Motion for Jury Records and Papers Retained under 28 U.S.C. § 1868" ("United States") (Doc. 2). Specifically, the United States "requests to inspect and/or receive electronic copies of the records and data regarding the 2021-2023 master jury wheel listed in the attached Addendum." (Doc. 2, at p. 9; Addendum, at p. 10). For the reasons stated below, the United States' Motion is granted in part and denied in part.

The United States requests eight broad categories of records and data it states will demonstrate whether non-citizens were included in the source data lists that made up the 2021-2023 Master Jury Wheel. After consultation with the Jury Administrator, the Court notes that the Master Jury Wheel for 2021 to 2023 was in place from February 18, 2022, to May 15, 2024, and included over 1,397,174 people ("2021-2023 Master Jury Wheel").

The United States relies on 28 U.S.C. § 1868 as the basis for its Motion, which provides:

> After the master jury wheel is emptied and refilled pursuant to section 1863(b)(4) of this title, and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all records and papers compiled and maintained by the jury commission or clerk before the

master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury.

28 U.S.C. § 1868.

In line with these statutory obligations, this Court's Plan for the Random Selection of Jurors ("Jury Plan") (reviewed July 2025), states:

When the Master Jury Wheel is emptied and refilled, all records and papers compiled and maintained by the Clerk from the prior Master Jury Wheel shall be preserved in the custody of the Clerk for four years or until the next cyclical audit, whichever is longer, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury.

Jury Plan, at p. 8.

Thus, Section 1868 and this Court's Jury Plan provide a public right to "inspect records and papers compiled and maintained" from before the prior Master Jury Wheel was emptied "for the purpose of determining the validity of the selection of any jury." The Court does not dispute this public right. However, although the United States relies on Section 1868 as the basis of its request, the content and data it seeks is more consistent with the discovery mechanism of Section 1867(f). *See* 28 U.S.C. § 1867(f).

Under § 28 U.S.C. § 1867(f), "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except" under specific circumstances, including "as may be necessary in the preparation or presentation of a motion" challenging the empaneling of a jury. *Id.* And even under Section 1867(f), the right to inspect jury selection materials is not unlimited and considers the burden on the Court as well as the safety and privacy of jurors. *See United States v.*

*Taylor*, No. CR 19-303 (RBW), 2023 WL 5417247, at *15 (W.D. Pa. Aug. 22, 2023) (quotations omitted) (citing *Test v. United States*, 420 U.S. 28, 30 (1975); *United States v. Rock*, 21-cr-358 (CCW), 2022 WL 2317172, at *4 (W.D. Pa. June 28, 2022); *United States v. Savage*, Nos. 07-cr-550-03, 07-cr-550-04, 07-cr-550-05, 07-cr-550-06, 2012 WL 4616099, at *5 (E.D. Pa. Oct. 2, 2012) (denying request to access completed jury questionnaires and source information in light of the personal identifiers provided)).

Specifically, the United States requests to "inspect and receive electronic copies of the records and data regarding the 2021-2023 master jury wheel" encompassing the following eight broad categories:

> (1) Reports on Administrative Office forms regarding the operation of the Jury Selection Plan in the Southern District of Illinois.
>
> (2) Written communications to the State Board of Elections or other state agency requesting "general election registration lists" and if applicable requesting "lists of licensed drivers, recipients of unemployment benefits, and state identification card holders."
>
> (3) Voter data files.
>
> (4) Data files, if received, for licensed drivers, recipients of unemployment benefits, and state identification card holders.
>
> (5) The initial lists of individuals randomly selected for the master jury wheel for each division.
>
> (6) Jury qualification forms and any "other competent evidence" used to make disqualification decisions.
>
> (7) Lists and data files for individuals disqualified under 28 U.S.C. § 1865, including but not limited to the juror non-citizen report provided to the United States for prior jury pools.
>
> (8) The qualified jury wheel for each division after the

disqualification process outlined in 28 U.S.C. § 1865(b).

*See* Doc. 2, at p. 10.

Before addressing the substance of the Motion, the Court rejects the United States' request "to receive electronic copies" of records and data. The statute and this Court's Jury Plan are clear: "although the general public may **inspect** juror records, no one will be allowed to **copy any document or remove any document from the premises.**" *United States v. Robinson*, 243 F. Supp. 2d 868, 872 (C.D. Ill. 2003) (emphasis added); *see also Carr v. McConnell*, 623 F. App'x 706, 707 (5th Cir. 2015); *United States v. Montelongo*, 582 F. App'x 404, 405 (5th Cir. 2014); *See* Jury Plan, at p. 8.

As to the substance of the requests, most of the United States' argument stresses its position that it has an "unqualified right" to receive this vast amount of data under Section 1868 even without a formal request. It relies on *Test* as the basis of this "unqualified right" to the source lists that include over 1,000,000 people. *Test*, 420 U.S. at 30. In *Test*, the Supreme Court was referring to a *party's* "essentially unqualified right" to "inspect jury lists" in the context of a specific challenge under Section 1867(f). *Id.* No such challenge is before the Court. Section 1868, upon which the Unites States relies, applies to the *public* right of inspection. Thus, the Court views the United States' Motion through the same lens it would apply to a motion filed by any member of the public.

The United States' Motion implicates serious privacy interests as it requests source data and completed jury questionnaires for the entire 2021-2023 Master Jury Wheel. The theoretical nature of the United States' Motion, which does not implicate any specific jury, does not warrant the release of such private information. In addition to the privacy

concerns surrounding the public inspection of completed jury qualification forms, such forms are maintained both in paper form and in the Jury Management System/eJuror ("JMS"). For security reasons, this Court cannot allow members of the public access to its internal computer systems. As such, it would require a vast amount of judicial resources to compile and print the requested data for the entire 2021-2023 Master Jury Wheel in a format that the public would be able to access, without any demonstrated need by the United States. This reason alone supports the Court's denial of the United States' Motion.

Nonetheless, and without squarely addressing whether the United States has sufficiently provided any basis for its request under Section 1868, the Court grants its request in part. To the extent that the United States seeks to inspect "[r]eports on Administrative Office forms regarding the operation of the Jury Selection Plan in the Southern District of Illinois," the Court will allow it to inspect such summary data, in the form of completed AO 12 forms that were compiled for the 2021-2023 Master Jury Wheel before it was emptied and refilled. *See* Doc. 2, at p. 10. To clarify, no new reports will be generated, as the Court has no obligation to create records it does not ordinarily compile or maintain. This is in line with other courts that have faced similar issues. *See United States v. Johnson*, No. 6:18-CR-065-CHB, 2022 WL 358433, at *4 (E.D. Ky. Feb. 7, 2022) (compiling cases).

As to the United States' request for "juror non-citizen reports," the Clerk of Court did not compile and maintain such records for the 2021-2023 Master Jury Wheel prior to it being emptied and refilled, nor was she required to do so. Moreover, even if the Court could create such records after the fact, it has no legal obligation to do so, and based on

the Motion before it, finds no basis for extending its discretion here. Thus, the United States' request for "juror non-citizens reports" for the 2021-2023 Wheel is denied.[1]

Finally, written communications between this Court and the State Board of Elections are not authorized for public inspection under Section 1868 and the United States provides no basis that would hold otherwise. Accordingly, that request is also denied.

In summary, the United States does not adequately justify its need for these eight categories of data, the countless hours of Clerk's Office time the compilation of this data would require, the significant privacy interests implicated by authorizing public disclosure of the personal identifiers for over 1,000,000 people, or even how its request is "for the purpose of determining the validity of the selection of any jury" as required by Section 1868. *See* 28 U.S.C. § 1868; Jury Plan, at p. 8.

For these reasons, the United States' Motion is **GRANTED in part** to the extent that it seeks to inspect AO 12 forms that were compiled for the 2021-2023 Master Jury Wheel. The United States' request to receive these forms electronically is **DENIED**.

The Clerk of Court shall make available for inspection any AO 12 forms that were otherwise compiled and maintained before the 2021-2023 Master Jury Wheel was emptied. No new AO forms for the 2021-2023 Master Jury Wheel shall be generated. The United States shall contact the Clerk of Court to arrange its inspection of the AO 12 forms.

---

[1] The Court acknowledges that the United States rests much of its request on the fact that a similar "juror non-citizens report" was previously shared with the United States. The circumstances surrounding that report are not the subject of this Motion. However, the Court emphasizes that although the report may have been created at one time, it is not ordinarily compiled and maintained, nor does the Court have any obligation to do so.

This Court further **PROHIBITS** the United States from photographing, reproducing, copying, and/or recording any records provided for inspection. Put simply, the United States may see the records and nothing more. Except as to inspection of completed AO 12 forms for the 2021-2023 Master Jury Wheel, the remainder of the United States' Motion is **DENIED**.

IT IS SO ORDERED.

DATED: December 9, 2025

NANCY J. ROSENSTENGEL
Chief U.S. District Judge